UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYNAJAH WILLIAMS,<br><br>                Plaintiff(s),<br>   v.<br><br>CENTRAL KITSAP SCHOOL DISTRICT, et al.,<br><br>               Defendant(s). | CASE NO. C25-5963<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Tynajah Williams's Motion to Appoint Counsel. Dkt. No. 4. Having reviewed the motion and the record before it, the Court denies Plaintiff's motion.

## I.    BACKGROUND

Plaintiff, proceeding pro se, filed this lawsuit against Central Kitsap School District under the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Washington state regulations implementing the federal statutes. *See* Dkt. No. 1 at 6–7, Dkt. No. 1-1 (civil cover sheet listing "Washington Administrative Code 180" as one basis for the lawsuit). She also asserts general violations of her civil rights and alleges a teacher physically assaulted her. Dkt. No. 1 at 6. Plaintiff asserts various claims based on

incidents[1] she alleges took place while she was a student at Fairview Middle School, Ridgetop Middle School, and Olympic High School. *Id.* at 6–7.

Plaintiff states that in 2017, she retained an attorney who withdrew from representation in 2018. Dkt. No. 4 at 2. Plaintiff has not been able to retain counsel despite having contacted "7 to 10" attorneys. *Id.* No state or federal agency has assessed the merits of her complaint, but Plaintiff avers that she "[has] several witnesses," supportive medical documentation, and that "other families within the school district [have] dealt with the same injustice" that she has endured. *Id.* at 3. She states that an unspecified Kitsap Sun newspaper article "describing the discrimination the students of color were enduring from staff members at Fairview Middle School" further supports the merits of her claim. *Id.*

## II.  ANALYSIS

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified). Neither of these considerations is dispositive, and the Court must instead view them together. *Id.*

Plaintiff has not shown either consideration weighs in favor of appointing counsel at this juncture.

---

[1] Plaintiff specifically enumerates events that occurred between 2018 and 2020. Dkt. No. 1 at 7.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

It is unlikely that Williams will succeed on her physical assault, IDEA, or Section 504 claims because, among other reasons, each claim appears to be time-barred. The most recent alleged incident took place over five years ago in February 2020. Dkt. No. 1 at 7. As to Plaintiff's IDEA claims, a two-year limitations period applies, and thus, an action under the IDEA is time-barred. *See Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 940 (9th Cir. 2017). The same is true of Plaintiff's physical assault claims, which are governed by Washington state's two-year statute of limitations. *See* Wash. Rev. Code § 4.16.100; *see also Manning v. Washington*, 463 F. Supp. 2d 1229, 1234 (W.D. Wash. 2006).

In the Ninth Circuit, claims under Section 504 of the Rehabilitation Act are subject to the limitations period of "analogous state law." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014). In Washington state, the most analogous law is the Washington Law Against Discrimination ("WLAD"), which is governed by the state's three-year statute of limitations period for personal injury actions.[2] *Johnson v. Birch*, 3:23-CV-05972-TMC, 2024 WL 4202127, at *2 (W.D. Wash. Sep. 16, 2024) (citing *Adler v. Fred Lind Manor*, 103 P.3d 773 (Wash. 2004)). Because Plaintiff's most recent claim pertains to events that took place five years ago, her Section 504 claim is also likely time-barred.

Finally, as to the remaining causes of action—alleged violations of the Washington Administrative Code, multiple provisions of the Revised Code of Washington, and civil rights generally (Dkt. No. 1 at 3, Dkt. No. 1-1 at 1)—the Court cannot weigh the merits of Plaintiff's claims based on the limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-

---

[2] Although Washington state law governs the limitations periods as to Plaintiff's Section 504 claims, "federal, not state, law determines when a federal cause of action accrues," and a federal claim accrues "not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury.'" *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (citing *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)). Here, Plaintiff avers she sought an attorney for these claims in 2017, which suggests the limitations period began then.

RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) (Despite plaintiff "present[ing] his claims with detailed factual allegations connected to legal arguments … [t]he Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). Though Plaintiff sets forth descriptive factual allegations, none supports likelihood of success on civil rights or discrimination claims. Instead, Plaintiff's factual allegations center around school staff's failure to accommodate her requests to be placed in certain learning environments. *See* Dkt. No. 1 at 7. Thus, on the facts alleged, this consideration weighs against appointing counsel.

As to the second consideration, Plaintiff has not demonstrated that she is unable to articulate her claims proceeding pro se. To the contrary, Plaintiff's complaint and civil cover sheet set forth both factual and legal bases for her lawsuit.

In sum, the Court does not find that exceptional circumstances exist such that it should appoint counsel for Plaintiff.

### III.  CONCLUSION

The Court DENIES Plaintiff's motion to appoint counsel. Dkt. No. 4. The Clerk is directed to send uncertified copies of this Order to Plaintiff at her last known address.

Dated this 10th day of December, 2025.

Kymberly K. Evanson
United States District Judge