UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYNAJAH WILLIAMS,<br><br>              Plaintiff(s),<br>   v.<br><br>CENTRAL KITSAP SCHOOL DISTRICT,<br>et al.,<br><br>              Defendant(s). | CASE NO. C25-5963-KKE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ACCOMMODATIONS |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 9) and motion for reasonable accommodations under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") (Dkt. No. 10).  On December 10, 2025, the Court denied Plaintiff's motion to appoint counsel, finding the requisite "exceptional circumstances" for such appointment do not exist in this case.  *See* Dkt. No. 5.  As detailed below, the Court denies Plaintiff's motion for reconsideration because she fails to identify any manifest error in the Court's prior order, and denies her motion for accommodations because neither the ADA nor Section 504 applies to federal courts.

## I.   ANALYSIS

### A.   Legal Standard

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d Ed. 2000)). The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

**B.      Plaintiff's Motion for Reconsideration is Denied.**

In her motion to reconsider, Plaintiff largely re-raises prior arguments from her motion to appoint counsel. *See* Dkt. No. 9. Crucially, Plaintiff does not show manifest error or provide new facts or legal authority which could not have been brought to the court's attention earlier.

The Court previously found that many of Plaintiff's claims are unlikely to succeed on the merits because they are likely time-barred, thus undermining appointment of counsel in this case. Dkt. No. 5 at 3 (explaining limitation periods in the context of Plaintiff's most recent allegations, which occurred in 2020). In her motion for reconsideration, Plaintiff argues that her claims are not time-barred due to equitable tolling for individuals with disabilities or who are under the age of eighteen at the time their claim accrues. Dkt. No. 9 at 1 (citing Wash. Rev. Code § 4.16.190). Specifically, Plaintiff asserts that she "could not reasonably understand or discover that [her] legal rights had been violated until after leaving the school district and gaining access to records and information previously controlled by the Defendant." Dkt. No. 9 at 1.

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ACCOMMODATIONS - 2

As to her IDEA and Section 504 claims, as the Court previously explained, "federal, not state, law determines when a federal cause of action accrues." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "The general common law principle is that a cause of action accrues when 'the plaintiff knows or has reason to know of the injury.'" *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)) (holding that accrual of federal claims began when a plaintiff was a child because he "immediately confided in other teachers and his parents"). Plaintiff's assertion that she was unaware of possible legal rights violations until after she turned eighteen and left Central Kitsap School District is at odds with prior representations about her efforts to retain an attorney. In her application to appoint counsel, she averred that: "From 2017 to current, I have contacted an estimated amount of 7 to 10 attorneys," and that "[i]n 2017, I retained an attorney," who withdrew in 2018. Dkt. No. 4 at 2. Thus, Plaintiff has not alleged sufficient facts to support delayed accrual of her federal claims.

Plaintiff's state law assault claim likewise appears to be time-barred for largely the same reasons. While Plaintiff relies on Wash. Rev. Code § 4.16.190[1] to extend the limitations period, it is unclear that the tolling statute would apply in this case. First, to the extent Plaintiff argues for tolling based upon her age at the time of the alleged incidents, documents from Franklin Pierce Schools provided by Plaintiff show that by late October 2022, she had turned eighteen. *See* Dkt. No. 9-1 at 1. Thus, even applying tolling, the two-year limitations period for her assault claim

---

[1] Wash. Rev. Code § 4.16.190 provides:

> Unless otherwise provided in this section, if a person entitled to bring an action mentioned in this chapter … be at the time the cause of action accrued either under the age of eighteen years, or incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, such incompetency or disability as determined according to chapter 11.130 RCW, or imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of action.

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ACCOMMODATIONS - 3

likely expired on or around October 24, 2024—almost one year prior to the commencement of this action.   To the extent Plaintiff invokes the tolling statute on the basis of her disabilities, she has not alleged she was incompetent as determined according to Wash. Rev. Code § 11.130, and her general claim of unawareness of her legal rights is both insufficient under the tolling statute and inconsistent with her assertion that she actively sought counsel beginning in 2017.  Accordingly, Plaintiff has not shown manifest error in the Court's prior order finding Plaintiff's claims were likely time-barred.

Finally, as the Court previously observed, even if Plaintiff's claims are not time-barred, at this juncture, Plaintiff appears capable of proceeding in this case pro se.  *See Sam v. Renton Sch. Dist.*, No. C21-1363- RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) (denying motion to appoint counsel).

In sum, Plaintiff's motion for reconsideration of her motion to appoint counsel is denied.

**C.    Plaintiff's Motion for Accommodations is Denied.**

Plaintiff also moves for "reasonable accommodations" under the ADA and Section 504. *See* Dkt. No. 10.  Plaintiff makes five requests which generally seek increased flexibility regarding court deadlines, formatting of filings, and court appearances.  *Id.*  The Court denies Plaintiff's blanket request for general accommodations as neither the ADA nor Section 504 apply to federal courts.  *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) (ADA does not apply to federal courts); *Murray v. Whitehead*, 2:25-CV-00312-SAB, 2025 WL 949409, at * 2 (W.D. Wash. Mar. 27, 2025) (federal district courts are not included in "program or activity" under Section 504).  However, while Plaintiff is not entitled to general prospective relief under either federal statute, the Court can accommodate many of Plaintiff's requests through other means, as detailed below.

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ACCOMMODATIONS - 4

Specifically, while Plaintiff is not entitled to a general prospective grant of additional time to respond to motions in this case, should circumstances arise in the future that warrant an extension of the period for Plaintiff to respond to a specific motion, at that juncture, she may file a motion for relief from a deadline under Local Rule 7(j).  Similarly, regarding Plaintiff's desire to participate in remote hearings, should any hearings be required (none are currently scheduled), she may request to appear remotely by contacting the Courtroom Deputy (KKEcrd@wawd.uscourts.gov).  The Court frequently grants such requests.  Finally, with respect to Plaintiff's request for "plain language explanations of procedural requirements, deadlines and court orders," (Dkt. No. 10 at 2), Plaintiff may contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court.  To request an appointment, plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

## II.   CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff's motion for reconsideration and motion for accommodations.  Dkt. Nos. 9, 10.

The Clerk is directed to mail Plaintiff a copy of this Order and this district's Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 29th day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR ACCOMMODATIONS - 5