UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYNAJAH WILLIAMS,<br><br>Plaintiff(s),<br>v.<br><br>CENTRAL KITSAP SCHOOL DISTRICT, et al.,<br><br>Defendant(s). | CASE NO. C25-5963<br><br>ORDER ON MOTION TO DISMISS |

In October 2025, Plaintiff Tynajah Williams, representing herself, filed this action against Defendant Central Kitsap School District and several individual school staff members. While her suit was originally brought under federal law, including the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), and the Americans with Disabilities Act ("ADA"), Williams later amended her complaint, eliminating all claims except a sole claim of negligence against the school district itself. Dkt. No. 23. Now before the Court is Central Kitsap School District's motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 24. Because Williams's amended complaint does not present a federal question, the Court lacks subject matter jurisdiction and will grant Central Kitsap School District's motion to dismiss.

//

//

## I. BACKGROUND

On October 28, 2025, Williams filed this lawsuit against Central Kitsap School District and their staff under the IDEA, Section 504, the ADA, and Washington state regulations implementing the federal statutes. Dkt. No. 1 at 6–7, Dkt. No. 1-1[1]. Williams based her claims on incidents that she alleges took place between 2018 and 2020 while she was a student at Central Kitsap School District schools, including Fairview Middle School, Ridgetop Middle School, and Olympic High School. Dkt. No. 1. The Court previously denied Williams's motion to appoint counsel, expressing doubt regarding the merits of the lawsuit. *See* Dkt. No. 5 at 3–4. On April 17, 2026, Williams filed a First Amended Complaint ("FAC"). Dkt. No. 23. The FAC asserts only a negligence claim related to a District employee who "shook the back of Plaintiff's chair." *Id*. ¶ 8. Williams does not re-allege the federal law claims in the FAC. *Id.* ¶ 15–18. The FAC names only the Central Kitsap School District as a defendant. *Id*. ¶ 2. Defendant then moved to dismiss the FAC for lack of subject matter jurisdiction, and the motion is now ripe for resolution. Dkt. Nos. 24, 25, 26.

## II. ANALYSIS

### A. Legal Standard on a Motion to Dismiss Under Rule 12(b)(1).

Federal courts are courts of limited jurisdiction. "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements."). A challenge to subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Through a facial

[1] Williams stated as the statutory basis for her lawsuit Sections 504 and the IDEA on her civil cover sheet (Dkt. No. 1-1) but cited the ADA in her form complaint (Dkt. No. 1 at 3).

challenge, a movant asserts that the complaint's factual allegations are insufficient on their face to establish federal jurisdiction. *Id.* To resolve facial challenges to subject matter jurisdiction, district courts apply the same standard as under Rule 12(b)(6)—by accepting the allegations as true and drawing all reasonable inferences in the plaintiff's favor in deciding whether the complaint sufficiently invokes the court's jurisdiction. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). In contrast, a factual attack involves disputes regarding the truth of the jurisdictional allegations which by themselves, would otherwise invoke federal jurisdiction. *Safe Air*, 373 F.3d at 1039. Here, Defendant's motion to dismiss presents a facial challenge. Dkt. No. 24 at 1.

*Pro se* pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers" and should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980).

**B. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Granted.**

Because Williams amended her complaint, the FAC supersedes the original, and the Court determines whether it has jurisdiction based upon the amended complaint. *See Falck N. Calif. Corp. v. Scott Griffith Collaborative Sols.*, 25 F.4th 763, 765 (9th Cir. 2022) ("The general rule is that an amended complaint supersedes the original complaint and renders it without legal effect.") (citation modified). "The Court cannot piece together an amended complaint from various sources. Instead, any amended complaint must include all of the claims and facts that Plaintiff seeks to add." *Belt v. Crocs, Inc.*, 2:24-CV-00582-APG-DJA, 2025 WL 1331517, at *2 (D. Nev. May 6, 2025). Williams's FAC fails to establish federal jurisdiction, as it raises no federal law claims, and the parties are not diverse. *See* 28 U.S.C. §§ 1331, 1332. Thus, as Defendants argue, the FAC should be dismissed. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (granting dismissal when *pro se* plaintiff amended his complaint to exclude previous violations of a federal statute).

**C. The Court Denies Leave to Amend.**

Williams argues that she did not intend to abandon her federal claims. Instead, Williams asserts that when she filed the FAC, she intended only to clarify rather than replace her original complaint. On that basis, she asks for leave to amend to replead her federal claims in a second amended complaint. Typically, a plaintiff representing herself should be afforded an opportunity to cure any deficiencies in her complaint before it is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Extending this opportunity would be futile here, however, because, as explained in the Court's prior order denying appointment of counsel (Dkt. No. 5 at 3–4), her federal claims are time-barred.

Regarding Williams's IDEA claims, a two-year period limitations period applies. *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 940 (9th Cir. 2017). As to Williams's Section 504 and ADA claims, a three-year statute of limitations period applies. *Johnson v. Birch*, 3:23-CV-05972-TMC, 2024 WL 4202127, at *2 (W.D. Wash. Sep. 16, 2024) (citing *Adler v. Fred Lind Manor*, 103 P.3d 773 (Wash. 2004)). "[F]ederal, not state, law determines when a federal cause of action accrues." *Bonneau v. Centennial Sch. Dist. No 28J*, 666 F. 3d 577, 581 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "The general common law principle is that a cause of action accrues when 'the plaintiff knows or has reason to know of the injury.'" *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (holding accrual of federal claims began when the plaintiff "immediately confided in other teachers and his parents")). Plaintiff concedes in her opposition to Defendants' motion that her injuries took place "six to eight years ago" and that at least one injury "occurred around May 2018." Dkt. No. 25 at 3. As the Court previously explained, Plaintiff's efforts to retain an attorney in 2017 suggest that she was aware of her injury at that time for her claim to accrue under federal law. Dkt. No. 5 at 3 n.2. Because she did not file this lawsuit

until October 2025, Williams's federal law claims fall outside the limitations period unless equitable tolling applies.

Plaintiff argues that the limitations period should be tolled under Washington law. Dkt. No. 25 at 3. Under Washington's tolling statute, causes of action accrued during a plaintiff's minority are tolled until he or she reaches eighteen years of age. WASH. REV. CODE § 4.16.190. Because she turned eighteen on October 29, 2022, and she filed this lawsuit on October 28, 2025, she argues that her claims fall within the three-year limitations period. Dkt. No. 25 at 3. Without citing authority, Defendant conclusively asserts that while tolling might apply to some of Plaintiff's state law claims, "it has no applicability to the federal claims[.]" Dkt. No. 26 at 6.

When a federal court borrows the applicable statute of limitations from state law, it borrows "also the rules for its tolling, unless to do so would be 'inconsistent with the federal policy underlying the cause of action under consideration.'" *Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980)). In *Alexopulos*, the plaintiffs—a student with disabilities and his mother—brought claims under the IDEA[2] based upon the student's exclusion from public school. 817 F.2d at 553, 555. The Ninth Circuit held that California's minor tolling statute did not apply to the IDEA claims because it would "undercut" the statute's policy of "assur[ing] that representatives of handicapped children would promptly assert the children's educational rights." *Id.* The *Alexopulos* court went on to explain that Congress "did not intend to authorize filing of claims on behalf of or by the children many years after the alleged wrongdoing occurred." *Id.* at 555–556. Courts in this Circuit have held that *Alexopulos* applies with equal force to Section 504 and ADA claims. *See, e.g.*, *Mullin v.*

[2] *Alexopulos* considered the predecessor to the IDEA, the Education of the Handicapped Act ("EHA"). The Supreme Court has treated the IDEA and EHA as interchangeable. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 160 n.1 (2017).

*Las Lomitas Elem. Dist.*, 03-5268 MMC, 2004 WL 2848021, at *5–6 (N.D. Cal. Apr. 13, 2004); *see also A.T. by & through L.T. v. Dry Creek Joint Elem. Sch. Dist.*, 2:16–CV–02925–MCE–DB, 2017 WL 2654854 (E.D. Cal. June 20, 2017). This is because, "as with the IDEA, parents and guardians of disabled children have standing, in their own right, to seek relief under [Section 504 of] the Rehabilitation Act and the ADA against school districts, as well as on behalf of their children." *Mullin*, 2004 WL 2848021, at *5. And "[a]llowing a disabled student to wait for years to challenge the decisions of a school district would run contrary to federal policy encouraging 'prompt resolution' of claims concerning the provision of free public education to disabled children." *Id.* (citing *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 119 n.8 (1st Cir. 2000)). "[A]s explained in *Alexopulos*, the procedural protections available under the IDEA are granted to parents and guardians of disabled children[.]" And "those rights must be invoked before a cause of action can be stated for relief under the Rehabilitation Act or the ADA." *Id.* (citing *Alexopulos*, 817 F.2d at 556 and 20 U.S.C. § 1415(l)). In *Mullin*, the court underscored its concern that if minor tolling applied, a school "could be held hostage" for up to fifteen years for Section 504 claims. *Id.* More recently, the Ninth Circuit has explained that "applying Washington's tolling provision for minors would be inconsistent with the federal policy underlying [plaintiffs' Section 504 and ADA claims]" and affirmed a district court's dismissal of Section 504 and ADA claims as time-barred. *R.D. by & through Davis v. Lake Washington Sch. Dist.*, 843 Fed. Appx. 80, 82 (9th Cir. 2021) (citing *Alexopulos*, 817 F.2d at 555). Because it would be inconsistent with the federal policy underlying the causes of action under consideration, the Court declines to apply Washington's tolling provisions to the IDEA, Section 504, and ADA claims Williams asserted in her original complaint. *See Bd. of Regents*, 446 U.S. at 485; *Davis*, 843 Fed. Appx. at 82.

In sum, even if the Court permitted Williams to amend her complaint by adding back her federal claims, such efforts would be futile because those claims are time-barred. Thus, the Court

denies Williams's request for leave to amend. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## III. CONCLUSION

The Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 24. The Clerk is directed to close this case.

Dated this 31st day of July, 2026.

Kymberly K. Evanson
United States District Judge